J-S44040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN SAUERWINE, | : | |
| | : | |
| Appellant | : | No. 408 EDA 2018 |

Appeal from the PCRA Order January 12, 2018
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s):  CP-39-CR-0003289-2006,
CP-39-CR-0003290-2006, CP-39-CR-0003292-2006

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 21, 2018**

Brian Sauerwine ("Sauerwine"), *pro se*, appeals from the Order dismissing, as untimely filed, his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In a prior appeal of the denial of PCRA relief, the PCRA court summarized the relevant history underlying Sauerwine's criminal conviction as follows:

> On numerous occasions between 2003 and 2006, … [Sauerwine] sexually assaulted his three young nieces.  All of the girls were five years old or younger at the time of the abuse, which occurred when they visited [Sauerwine's] house….
>
> The children eventually reported the abuse to a mother of one of the girls.  On March 27, 2006, the mother relayed the reports of abuse to Lehigh County Children and Youth Services. The Commonwealth subsequently filed three criminal informations against [Sauerwine], one for each victim.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On April 16, 2007, [Sauerwine] entered a guilty plea to indecent assault, 18 Pa.C.S.[A.] § 3126(a)(7) and (b)(ii), in each of these three cases…. Under the plea bargain, all other charges, some of which were serious felonies, were withdrawn. The plea bargain also required that the court give minimum confinement sentences which did not exceed the standard range of the sentencing guidelines. There was no plea bargain as to whether the sentences would run concurrently or consecutively.

*See* PCRA Court Opinion, 12/16/09, at 2-3. Ultimately, the trial court sentenced Sauerwine to 27 months to 15 years in prison. Sauerwine filed no direct appeal from his judgment of sentence.

On October 13, 2017, more than nine years after his judgment of sentence became final, Sauerwine filed the instant PCRA Petition, his third. Sauerwine alleged that a May 17, 2006 letter issued by the Lehigh County Office of Children and Youth Services ("OCYS") entitles him to relief under the PCRA. Sauerwine further asserted that he has witnesses that will testify as to his innocence. The PCRA court appointed counsel, who subsequently filed a Motion to withdraw from representation, and a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), asserting that Sauerwine's Petition is untimely, and not subject to any exception to the PCRA's timeliness requirement. After appropriate Notice, the PCRA court dismissed Sauerwine's PCRA Petition without a hearing. Thereafter, Sauerwine filed the instant timely appeal.

J-S44040-18

Before addressing the merits of Sauerwine's argument,[2] we first must determine whether Sauerwine timely filed his PCRA Petition. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional, and a trial court has no power to address the substantive merits of an untimely petition. *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). The three exceptions to the one-year filing requirement are for newly discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, "[a]ny petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

In its Opinion, the PCRA court determined that Sauerwine's Petition is untimely, and that Sauerwine failed to establish an exception to the PCRA's timeliness requirement. *See* PCRA Court Opinion, 2/21/18, at 6-7. We agree with the PCRA court's analysis and conclusion, and affirm on this basis. *See id.* Because Sauerwine's instant PCRA Petition was untimely, and not subject

---

[2] Sauerwine has not included, in his appellate brief, a statement of the questions involved, as required by Pa.R.A.P. 2116(a).

- 3 -

to any of the PCRA's timeliness exceptions, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/18

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :

             vs.                 : NO. CR-3289, 3290, 3292-2006
                               : Superior Court No.: 408 EDA 2018

BRIAN SAUERWINE            :

\* \* \* \* \*

Appearances:

         Heather Gallagher, Chief of Appeals
            For the Commonwealth

         Brian Sauerwine, pro se
            For the Appellant

\* \* \* \* \*

## OPINION

**Robert L. Steinberg, Judge:**

On April 16, 2007, the appellant entered a guilty plea to Indecent Assault (3 counts).[1] The Superior Court, in affirming the dismissal of the appellant's Post Conviction Relief Act (hereinafter PCRA) petition, recounted that the appellant had sexually assaulted his three nieces, who were five (5) years of age or younger, numerous times. All of the abuse occurred when the children visited the appellant's home.[2]

On October 22, 2007, the appellant received an aggregate sentence of not less than twenty-seven (27) months nor more than fifteen (15) years in a state correctional

---

[1] The appellant entered a guilty plea to Indecent Assault in Lehigh County No's. CR-3289, 3290, and 3292 of 2006. See 18 Pa.C.S. § 3126(a)(7). Each of the Indecent Assault offenses were graded as felonies of the third degree.
[2] Commonwealth v. Sauerwine, 2491 EDA 2009 (Pa.Super. July 13, 2010), at p. 1.

institution.[3] The appellant, after a hearing held the same date, was found to be a sexually violent predator.

Counsel for the appellant filed "Defendant's Post-Sentence Motion" on October 31, 2007. On April 11, 2008, that motion was withdrawn.

On January 13, 2009, the appellant filed his first pro se PCRA petition. Counsel was appointed to represent the appellant, and he filed an "Amended Post Conviction Petition." A hearing on that petition was held on April 29, 2009.

At the commencement of the PCRA hearing, counsel stated that the appellant was not seeking to withdraw his plea, nor was he seeking a new trial.[4] Instead, PCRA counsel pursued claims related to the sentencing proceeding, including trial counsel's failure to submit psychiatric reports at sentencing.[5] The appellant did not object to his minimum sentence, which he found "highly acceptable," but only his maximum sentence.[6]

On July 30, 2009, the Honorable William E. Ford dismissed the PCRA petition. A Notice of Appeal was filed, and the Superior Court affirmed the dismissal of the PCRA petition on July 13, 2010. The appellant's Petition for Allowance of Appeal was denied on December 1, 2010.

The appellant filed a second "Motion for Post Conviction Collateral Relief" on May 20, 2014. The appellant alleged he was innocent of the charges, and was on "heavy psych medication" when he plead guilty. He also claimed that his lawyer threatened him, and he was

---

[3] The appellant received identical sentences of not less than nine (9) months nor more than sixty (60) months in each case. All of the sentences were ordered to run consecutively with each other.
[4] Notes of Testimony, PCRA hearing (hereinafter N.T. PCRA), at pp. 4-5, 23.
[5] Id.
[6] Id. at pp. 22-23.

2

"fearful of his life being in danger." On August 18, 2014, Judge Ford dismissed the appellant's petition.[7]

No appeal was filed from that order. Instead, the appellant filed a Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Pennsylvania. On December 31, 2015, the Petition for Writ of Habeas Corpus was dismissed by the Honorable Legrome Davis.[8]

On October 13, 2017, more than nine (9) years after his judgement of sentence became final, the appellant filed his third PCRA petition alleging that a letter issued by the Lehigh County Office of Children and Youth Services (hereinafter OCYS) on May 17, 2006, entitles him to relief under the PCRA. He also alleged that he has "witnesses that will testify [that he is] innocent of any and all wrong doing (sic)." Counsel was appointed to represent the petitioner, and on December 13, 2017, counsel filed a "Motion to Withdraw as Counsel" and a *Finley* letter.[9] Not only did counsel in his "no-merit letter" find the PCRA petition untimely, but that the OCYS letter was in existence and available prior to the entry of appellant's guilty plea. Each of the OCYS letters were written to the appellant. Counsel explained in his letter that his "family member's letter dated June 8, 2017, even reference[s] the OCYS letter, however, you waited until October 13, 2017, to file your current PCRA petition."[10] Counsel went on to state that the letters from family members/witnesses "provide no support for an exception to the PCRA time limits. The letters you offered simply express your family member's beliefs regarding your guilt."[11]

---

[7] On May 23, 2014, Judge Ford had issued a notice of his intention to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907.

[8] Sauerwine v. Delbalso, 14-CV–6254; See Report and Recommendation of United States Magistrate Judge David Strawbridge dated July 31, 2015, and Order of the Honorable Legrome D. Davis dated December 31, 2015.

[9] Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

[10] "No-merit" letter at p. 3.

[11] Id. at p. 4.

3

On December 21, 2017, this Court issued a notice of our intention to dismiss pursuant to Pa.R.Crim.P. 907(1). The appellant filed "Petitioner's Response to the Court's Intentions to Dismiss Petitioner's PCRA Petition Before This Court" (hereinafter Pa.R.Crim.P. 907(1) Response), on January 4, 2018. The appellant in that response acknowledged that he was in possession of the OCYS letters as of April, 2017, and failed to comply with the sixty (60) day requirement for invoking an exception to the time requirements of the PCRA.[12] His stated reason for not complying with the time requirement was that he was "unaware" of the statutory requirement. See 42 Pa.C.S. § 9545(b)(2).[13] Additionally, he claimed that the letter from OCYS in some manner is exculpatory. On January 12, 2018, the appellant's third PCRA petition was dismissed.

The appellant filed a timely Notice of Appeal, and a "Concise Statement of Matters Complained Upon On Appeal" (hereinafter Concise Statement), pursuant to Pa.R.A.P. 1925(b). The appellant, in that statement, once again points to the OCYS letter and trial counsel's pressure on him to plead guilty as the foundation of this appeal. The appellant, having entered guilty pleas to the three (3) Indecent Assault charges after a full oral and written colloquy, also asserts his innocence.

## Discussion

The appellant, who entered guilty pleas and was sentenced in 2007, has filed this current appeal from the dismissal of his third PCRA petition. The appellant's judgment of sentence became final in 2008, and the appellant's third PCRA petition was not filed until 2017, making it untimely. See 42 Pa.C.S. § 9545(b)(1). Furthermore, the appellant's PCRA petition is

---

[12] Pa.R.Crim.P. 907(1) Response, at ¶ 5.
[13] Id.

4

an attempt to invoke the newly-discovered fact exception to the time bar, but is subject to dismissal because it was not filed within the required sixty (60) day timeframe. See 42 Pa.C.S. § 9545(b)(2). Specifically, the PCRA petition was not "filed within 60 days of the date the claim could have been presented." Id.

A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Following the appellant's sentencing, counsel filed post-sentence motions, which were withdrawn on April 11, 2008. No appeal was filed, and as a result, the appellant's judgment of sentence became final on or about May 11, 2008. The appellant's third PCRA petition was not filed until October 13, 2017. It is patently untimely.

The appellant, however, has attempted to avoid the time-bar by invoking the newly-discovered facts exception to the timeliness requirement. See 42 Pa.C.S. § 9545(b)(1)(ii). The newly-discovered facts exception required the appellant to prove the following: (1) the facts upon which the claim was predicated were unknown; and (2) could not have been ascertained by the exercise of due diligence. Commonwealth v. Burton, 158 A.3d 618, 629 (Pa. 2017); Commonwealth v. Marshall, 947 A.2d 714, 720 (Pa. 2008), quoting Commonwealth v. Bennett, 930 A.2d 1264, 1270-72 (Pa. 2007).

Additionally, any petition attempting to invoke that exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The appellant, by his own admission in his response to the intended dismissal of his PCRA petition, has demonstrated the untimeliness of his petition. He admitted that he was in possession of the OCYS letters, which were dated May 17, 2006, in April 2017. His PCRA petition, however, was not filed until October 13, 2017, four (4) months beyond the sixty (60) day deadline. His only

5

explanation for not filing it in a timely fashion was that he was "unaware of a sixty (60) day time period...."[14]

An examination of the criteria to assert the newly-discovered facts exception, as it applies to the OCYS letter and notarized letters attached to the PCRA petition, discloses a myriad of reasons precluding the appellant from meeting its threshold. Prior to Burton, information was not unknown to a PCRA petitioner when the information was a matter of public record. In Burton, it was held that the "presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to pro se petitioners." 158 A.3d at 638. Here, the appellant was represented throughout the trial as well as in his first and third PCRA petitions. Therefore, the status of the appellant as a "pro se petitioner" is debatable. See Commonwealth v. Burton, 121 A.3d 1063, 1072 (Pa.Super. 2015)(en banc), aff'd, 158 A.3d 618 (Pa. 2017). Even so, the appellant cannot prove that he exercised due diligence to uncover the OCYS letters. The second prong of the newly-discovered facts exception demands "due diligence" which means "reasonable steps to protect [his] own interest. This standard, however, entails neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." Commonwealth v. Shiloh, 170 A.3d 553, 558 (Pa.Super. 2017), quoting Burton, 121 A.3d at 1071. In this case, the OCYS letters were sent to the appellant's home address almost eleven (11) months prior to his guilty plea. The discovery of the letters would not have required sleuth-like abilities, but only reasonable effort. It is apparent that due diligence was not exercised.

The notarized letters from his brother, Todd Sauerwine, and his father, Larry Sauerwine, which are attached to the PCRA petition, require little discussion. Their identities

---

[14] Pa.R.Crim.P. 907(1) Response, ¶ 5.

6